The plaintiff, formerly a security guard at a government installation, challenges the decision of the Federal Employee Appeals Authority ("Appeals Authority”) of the Civil Service Commission that sustained his removal from his position for attempted theft of government property. Both parties have moved for summary judgment, and we heard oral argument. We uphold the Appeals Authority and dismiss the petition.
The facts are set forth in the decision of the Appeals Authority and need not be repeated at length. In brief, they are that the plaintiff filled two 5-gallon cans with gasoline from a pump at a government fuel station and was apprehended when he attempted to leave the installation in an automobile containing the cans of gasoline. Theft of gasoline was a problem at the installation, and an additive had been placed in the government gasoline tanks to enable the government to identify its own fuel. When the government tested the gasoline in the two cans that the plaintiff attempted-to remove from the installation, the tests identified it as government gasoline.
Before this court, the plaintiff contends that the agency did not comply with its procedures, that the agency’s finding that the plaintiff attempted to steal government gasoline is not supported by substantial evidence, and that removal was an excessive penalty for the offense.
In a civilian pay case the scope of our review is limited to determining whether the procedural requirements have been met, whether the findings are supported by substantial evidence, and whether the challenged personnel action is arbitrary or capricious. Boyle v. United States, 207 Ct. Cl. 27, 34, 515 F.2d 1397, 1401 (1975). "It is not our function to substitute our judgment for that of the employing agency or the Civil Service Commission; rather, we review the case to *932 determine whether their action was reasonable in light of all the evidence.” Id. 207 Ct. Cl. at 34, 515 F.2d at 1401. Under these standards we have no ground to set aside the determination of the Appeals Authority, the opinion of which adequately discusses and determines the issues in this case. On the basis of that decision, we uphold the removal of the plaintiff from his position.
The defendant’s motion for summary judgment is granted, the plaintiffs motion for summary judgment is denied, and the petition is dismissed.
Plaintiffs petition for a writ of certiorari was denied October 4,1982.